Petition for Review of Leo BONG, Petitioner,

v.

P. A. ESPERDY, as District Director or the Immigration and Naturalization Service for the New York District, Respondent.

United States District Court
S. D. New York.

Dec. 11, 1961.

Robert M. Morgenthau, U. S. Atty., for the S. D. of New York, New York City, for respondent. (Roy Babitt, Sp. Asst. U. S. Atty., New York City, of counsel).

Haskell R. Barst, New York City, for petitioner.

MacMAHON, District Judge.

This is a motion by the District Director of the Immigration and Naturalization Service for summary judgment dismissing the complaint under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The record of proceedings before the Immigration and Naturalization Service shows that there is no genuine issue as to any of the material facts. Petitioner entered the United States as an alien crewman in 1946. He overstayed his 29-day shore leave without permission. He is, therefore, subject to deportation, as he concedes.

Petitioner was ordered deported to Hong Kong following a hearing which in all respects met the requirements of procedural due process. During the course of the proceedings, petitioner admitted that he sends money to support his family in Hong Kong, where his wife and son reside as refugees from China. He also admitted that he had been in and out of India for many years as a seaman.

Although offered the opportunity, in accordance with Section 243(a) of the Immigration and Nationality Act, 8 U.S. C.A. § 1253(a), petitioner declined to designate a country in the event he were ordered deported. He was granted the privilege of departing voluntarily but failed to depart, and an order of deportation ensued. A warrant of deportation was issued on April 1, 1959.

Petitioner is a native and citizen of China, but the Consul General of the Republic of China (Formosa) advised

that that country would not permit petitioner's entry. The British authorities, however, are willing to accept deportation of petitioner to Hong Kong, and in July 1961 the British Visa Office advised that authority had been received to permit petitioner's entry into Hong Kong.

When petitioner was notified that his deportation to Hong Kong had been directed, he brought this action to vacate the deportation order of the Immigration and Naturalization Service. He alleges that he never resided in Hong Kong and that the order to deport him resulted from improper representation by the Immigration and Naturalization Service to the Hong Kong authorities.

■ Section 243(a) of the Immigration and Nationality Act, 8 U.S.C.A. § 1253(a), plainly permits deportation of an alien to any country willing to accept him in the event that the country of designation or the country of citizenship refuses to accept the alien. United States ex rel. Tie Sing Eng v. Murff, 165 F.Supp. 633 (S.D.N.Y.1958); aff'd 266 F.2d 957 (2 Cir.), cert. denied U. S. ex rel. Tie Sing Eng v. Esperdy, 361 U.S. 840, 80 S.Ct. 73, 4 L.Ed.2d 79, rehearing denied, 361 U.S. 904, 80 S.Ct. 905, 4 L. Ed.2d 159 (1959); Chan Chuen v. Esperdy, 285 F.2d 353 (2 Cir. 1960). Nor is it a defense for petitioner to contend that he has never been a resident of Hong Kong, for the British authorities have stated that they will accept him, and it is no longer relevant that petitioner enjoyed one status or another in Hong Kong at some previous time. Mircovic v. Esperdy, Docket No. 61 Civil 1799 (S.D.N.Y. July 5, 1961).

■ All that now remains to be considered is petitioner's claim that the information given to the British authorities was incorrect. The administrative record establishes beyond argument that petitioner's claim to no connection with Hong Kong is without merit. His wife and child reside there, and he has been sending them money. Moreover, the record shows that he has no connection

with India, as he suggests, for he testified that he had been sailing in and out of India as a seaman, and there is nothing to show that he has gained a sufficient foothold there to become a resident. The record, however, shows that the British Visa Office was furnished with a copy of the warrant of deportation, a certificate of identity, a visa application form, and fingerprint chart. After studying that record for approximately eighteen months, the British authorities determined to accept petitioner.

Against these undisputed facts, petitioner shows nothing which in any way supports his contention that he has no connection with Hong Kong and that the Immigration authorities in any way misrepresented the facts to the British Visa Office. In any event, there is no triable issue for it is immaterial whether petitioner is a national of China.

Accordingly, the motion for summary judgment is granted. So ordered.